IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

GODFATHER'S PIZZA, INC.,                    Case No. _____

            Plaintiff,

    v.                                      **COMPLAINT**

ANTON KAWAK and EAST AND
WEST, INC., a Wisconsin corporation

            Defendants.

For its Complaint against Defendants Anton Kawak and East and West, Inc., Plaintiff Godfather's Pizza, Inc. states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiff Godfather's Pizza, Inc. ("GPI"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Nebraska.

2.    Defendant Anton Kawak ("Kawak") is an individual residing in Wisconsin.

3.    Defendant East and West, Inc. ("Franchisee") is a Wisconsin corporation with its principal place of business in Wisconsin.

4.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1338, in that it is a civil action arising under an act of Congress relating to trademarks.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for the second claim for relief, in that it is so related to the claim in the action within the original jurisdiction of the Court that it forms part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this district in that this is "(a) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; and (b) if there is no district in which this action may otherwise be brought, a judicial district in which one or more of the defendants is subject to the Court's personal jurisdiction."

## STATEMENT OF FACTS

6.     GPI is the owner of the following trademarks on the principal register of the United States Patent and Trademark Office:



    a.   GODFATHER'S PIZZA & DESIGN (shown at right),
        Reg. Nos. 2,980,637 and 1,114,984; and

    b.   "GODFATHER'S PIZZA", Reg. Nos. 2,386,870 and
        2,398,968

(collectively, the "GPI Marks").

7.     The GPI Marks are distinctive, incontestable, and famous.

8.     GPI operates a system of company-operated and franchised Godfather's Pizza restaurants consisting of approximately 600 locations in 37 states as of May 29, 2022.  For almost all its 49-year history, and at all times relevant to this complaint, GPI has been headquartered in Omaha, Nebraska, where franchise relationships are administered.

9.     Defendants operate a restaurant at 2510 Mondovi Road, Eau Claire, Wisconsin, 54701 (the "Location").

10. Effective December 1, 1996, GPI and Franchisee entered into an "Agreement for License and Service" for the operation of a Godfather's Pizza restaurant at the Location (the "Franchise Agreement").

11. Kawak is the sole shareholder of Franchisee and personal guarantor of Franchisor's obligations under the Franchise Agreement by execution of Exhibit A-1 to the Franchise Agreement, which is a "Guarantee" effective as of December 1, 1996.

12. The Franchise Agreement expired March 31, 2022.

13. Upon expiration of the Franchise Agreement, all of Franchisee's rights under the Franchise Agreement ceased, including its right to use the GPI Marks.

14. GPI notified Defendants of the expiration of the Franchise Agreement.

15. The Franchise Agreement contains certain post-term obligations including, without limitation, the following:

> <u>Cessation of Privileges</u>: Upon termination of the term of this Agreement, **the license granted and the service undertaken to be provided to [Franchisee] will cease and terminate; and [Franchisee] will cease conduct and operation of any business under and discontinue all use of the name, "Godfather's Pizza", and all use or other exploitation of all business information and all business property of [GPI]** at the licensed location and at all other places not then covered by an unterminated like contract executed by [GPI] and [Franchisee].

(Franchise Agreement, Article Eleventh, ¶ 3(d) (emphasis added)).

16. As defined in the Franchise Agreement, GPI's "business property" includes and means "all business techniques, good will, operations manual

materials, product identifications, service marks, trademarks, trade names, or other property developed, owned, or otherwise controlled by [GPI] and associated with a restaurant operation or a pizza product under the name, "Godfather's Pizza", or with the business of [GPI]." (Franchise Agreement, Article First, ¶ 1(a)(7)).

17.     Following expiration of the Franchise Agreement, Defendants continued operating the Location as a Godfather's Pizza restaurant using the GPI Marks and GPI's confidential and proprietary information.

18.     On or about May 12, 2022, GPI and Defendants executed a Termination Agreement.

19.     Pursuant to Paragraph 1 of the Termination Agreement, Franchisee (defined in the Termination Agreement as "Licensee") and Kawak (defined in the Termination Agreement as "Guarantor") agreed to the following:

> Licensee and Guarantor acknowledge and agree that the License Agreement expired effective March 31, 2022. Licensee hereby relinquishes to Company and consents to the termination of all rights, title, and interest of Licensee to operate a GP Restaurant at the Location effective March 31, 2022. Licensee relinquishes any right to use any trademark, trade name, service mark or logotype of any kind owned by Company. Immediately after signing this Termination Agreement, Licensee and Guarantor will destroy or will return to GPI all Operations Manuals, training materials, portion control charts, and marketing materials prepared by GPI or provided to Licensee by GPI without retaining copies of any of these materials. Licensee and Guarantor will also comply with all post-termination obligations described in Article ELEVENTH of the License Agreement, as well as all other obligations of the License Agreement that by their nature survive expiration of the License Agreement . . . .

20.     Following execution of the Termination Agreement, Defendants continued operating the Location as a Godfather's Pizza restaurant using the GPI Marks and GPI's confidential and proprietary information.

21.     On June 13, 2022, GPI sent Defendants a Cease-and-Desist letter demanding that Defendants "cease using GPI's trademarks, trade name, service marks or logotype of any kind, intellectual property, and confidential and proprietary information." A true and correct copy of the Cease-and-Desist letter is attached hereto as **Exhibit A**.

22.     Defendants have failed to comply with their post-term obligations in breach of the Franchise Agreement and Termination Agreement.

23.     Notwithstanding expiration of the Franchise Agreement, execution of the Termination Agreement, and the Cease-and-Desist letter, Defendants are continuing to operate the Location as a Godfather's Pizza restaurant using the GPI marks including, without limitation, through the use of interior and exterior signage and other materials bearing the GPI Marks; identifying the Location as a Godfather's Pizza restaurant to customers; offering GPI's menu items; and marketing, advertising, and soliciting sales, both directly and through third-party delivery services, using the GPI Marks.

24.     Defendants' behavior demonstrates that its infringement and counterfeiting is willful and that this is an exceptional case.

**First Claim for Relief**
**Trademark Infringement and Counterfeiting**

25.     GPI incorporates paragraphs 1 through 24 as if set out in their entirety herein.

26.     The unauthorized use by Defendants of the registered GPI Marks, in commerce, in connection with the sale, offering for sale, or advertising of goods,

namely Defendants products, is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

27.     Defendants' use of the GPI Marks also constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114(1)(a).

28.     The infringement and counterfeiting by Defendants are intentional and willful in that they are continuing to use the GPI Marks after expiration of the Franchise Agreement, execution of the Termination Agreement wherein they expressly reaffirmed that they have no right to use the GPI Marks, and receipt of the Cease-and-Desist letter notifying them that they no longer have the right to use the GPI Marks.

29.     As a result of Defendants' infringement and counterfeiting of the GPI Marks, GPI has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law, as well as economic damage.

**Second Claim for Relief**
**Breach of Contract**

30.     GPI incorporates paragraphs 1 through 24 as if set out in their entirety herein.

31.     The Franchise Agreement, Guarantee, and Termination Agreement are valid and binding contracts between GPI and Defendants.  All conditions precedent to Defendants' performance of such contracts have been met or excused.

32.     Defendants breached the Franchise Agreement, Guarantee, and Termination Agreement by, among other things and without limitation, continuing to operate the Location as a Godfather's Pizza restaurant using the

GPI Marks including, without limitation, through the use of interior and exterior signage and other materials bearing the GPI Marks; identifying the Location as a Godfather's Pizza restaurant to customers; offering GPI's menu items; marketing, advertising, and soliciting sales, both directly and through third-party delivery services, using the GPI Marks; and failing to remove, destroy, or return materials containing the GPI Marks and related proprietary or confidential materials to GPI.

33.     As a direct and proximate result of Defendants' breach, GPI has been damaged.

34.     By virtue of Defendants continued offer for sale of products purporting to be GPI's famous Godfather's Pizza, without the supervision, standards, or association with GPI necessary for the same, GPI has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## RELIEF REQUESTED

Plaintiff requests the following relief:

I.      Preliminary and permanent injunctive relief against Defendants, and all other persons or entities acting in concert or participation with them, enjoining them from using the GPI Marks, or any other word, mark, symbol or device confusingly similar to the GPI Marks, on or in connection with the sale of goods and services;

II.     Preliminary and permanent injunctive relief requiring Defendants to comply with the post-term obligations under the Franchise Agreement,

Guarantee, and Termination Agreement including, but not limited to, ceasing to identify the Location as a Godfather's Pizza restaurant or any confusingly similar name; ceasing to offer GPI's menu items; discontinuing all use of GPI's proprietary and confidential information; removing all exterior and interior signs and representations containing the GPI Marks; and returning to GPI all copies of confidential information, proprietary materials, and items bearing the GPI Marks;

III.     A judgment in favor of GPI and against Defendants awarding GPI Defendants' profits, compensatory damages, statutory damages, and/or all other damages or relief to which GPI is entitled to as a result of Defendants breach of contract and/or pursuant to 15 U.S.C. § 1117;

IV.     The costs of this action and attorney fees in accordance with 15 U.S.C. § 1117;

V.     An order requiring an accounting of Defendants' revenue, earnings, and profits for purposes of determining amounts due and owing to GPI;

VI.     An order requiring that all articles bearing the GPI Marks, or any counterfeit, copy, or colorable imitation of the GPI Marks, be delivered up to GPI or its agent and destroyed, as provided by 15 U.S.C. § 1118.

## REQUEST FOR PLACE OF TRIAL

Pursuant to NECivR 40.1, GPI respectfully requests that trial of this case be had in Omaha, Nebraska.

Dated this 8th day of July, 2022.

GODFATHER'S PIZZA, INC., Plaintiff

By: /s/ Theresa D. Koller
     Theresa D. Koller, #22437
     CLINE WILLIAMS WRIGHT
      JOHNSON & OLDFATHER, L.L.P.
     Sterling Ridge
     12910 Pierce Street, Suite 200
     Omaha, Nebraska 68144
     Telephone: (402) 397-1700
     Fax: (402) 397-1806
     Email: tkoller@clinewilliams.com